WAYNE GREENWALD, P.C.
Attorneys for the Plaintiff- Debtor,
Joseph Greenblatt
99 Park Avenue - Suite 800
New York, NY 10016
212-983-1922
Wayne M. Greenwald (WMG 6758)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re

JOSEPH GREENBLATT,

   Debtor,
-------------------------------------------------X
JOSEPH GREENBLATT,

   Plaintiff,

-against-

PETER C. HARVEY and RICHARD D. TRENK

   Defendants
-------------------------------------------------X

Case No 05-60142
Chapter 11

ADV No.

## COMPLAINT

The Debtor, Joseph Greenblatt (sometimes referred to as the "Debtor"), by his attorneys, Wayne Greenwald, P.C., as and for his complaint states:

- 1 -

## JURISDICTION AND PARTIES

1. On November 29, 200, the Debtor filed his voluntary petition for relief (the "Petition") under Chapter 11 of the Bankruptcy Code.

2. The Debtor was continued as a Debtor in Possession,

3. No committee of unsecured creditors has been appointed in this case.

4. No trustee has been appointed in this case pursuant to 11 U.S.C. § 1104.

5. The Complaint seeks, among other things, orders and judgments, pursuant to 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 9020, holding Peter C. Harvey and Richard D. Trenk in contempt of court for violating the automatic stay afforded the Debtor by 11 U.S.C. § 362(a); (b.) enforcing the automatic stay afforded the Debtor by 11 U.S.C. § 362(a); (c.) awarding the Debtor his actual damages and punitive damages from Peter C. Harvey and Richard D. Trenk, pursuant to 11 U.S.C. § 362(k); and (d.) granting the Debtor such other and further relief as this Court deems proper.

6. This Court has jurisdiction over this Motion, and action pursuant to 28 U.S.C. §§ 1334 and 157(a).

7. This is a "core proceeding" as that term is defined by 28 U.S.C. § 157(b)(2)(A).

8. This district is the appropriate venue, pursuant to 28 U.S.C. §§ 1408, 1409.

9. Peter C. Harvey and Richard D. Trenk are plaintiffs in an action in the Superior Court of the State of New Jersey for Essex County, encaptioned *Peter C. Harvey, et al. v. Joseph Greenblatt, et al.,* Case No: ESX - C-0015-05 (the "State Court Action.").

10. Peter C. Harvey is the Attorney General of the State of New Jersey, with offices at 124 Haley Street, Newark, NJ 07101.

11. Richard D. Trenk, was appointed receiver in the State Court and has offices at 100 Executive Drive, Suite 100, West Orange, NJ 07052.

**PETER C. HARVEY'S AND RICHARD D. TRENK'S**
**STATE COURT ACTION**

12. Peter C. Harvey and Richard D. Trenk commenced the State Court Proceeding in or about February, 2005.

13. The State Court Proceeding seeks, among other things, to obtain possession and control over the assets of the Debtor and his affiliates.

14. The Debtor's affiliates are the subjects of their own chapter

11 proceedings, known as the *Maywood Capital Cases*. (The "Affiliated Debtors").

15. After the Affiliated Debtors filed their chapter 11 cases Peter C. Harvey and Richard D. Trenk appeared to cease prosecuting the State Court Action against them, due to the automatic stay of 11 U.S.C. § 362(a).

16. Peter C. Harvey and Richard D. Trenk continued to prosecute the State Court Action against the Debtor.

17. Peter C. Harvey and Richard D. Trenk were dissatisfied with the level of cooperation they were receiving from the Debtor in the State Court Action.

18. More specifically, they wanted the Debtor to provide more information concerning his assets.

19. This was apparently to enable Peter C. Harvey and Richard D. Trenk to obtain possession and control over those assets for the purpose of satisfying monetary claims asserted in the State Court Action.

20. Peter C. Harvey and Richard D. Trenk moved to hold the Debtor in contempt of court for his alleged failure cooperate with them and in giving them information concerning his assets (the "Contempt Proceeding").

21. The Contempt Proceeding is for civil contempt.

22. A hearing on the Contempt Proceeding was scheduled for November 30, 2005.

23. The Debtor filed his case on November 29, 2005.

24. The Debtor's attorney notified Peter C. Harvey, Richard D. Trenk and the Court in the State Court Action of the commencement of the Debtor's case, that the Contempt Proceeding was stayed by 11 U.S.C. § 362(a), and that Peter C. Harvey and Richard D. Trenk should move before the Bankruptcy Court before proceeding further with the Contempt Proceeding.

25. Peter C. Harvey and Richard D. Trenk prevailed on the Court in the State Court Action to hold the hearing on the Contempt Proceeding.

26. Relying on the automatic stay afforded him by 11 U.S.C. § 362(a), the Debtor did not attend the hearing in the Contempt Proceeding.

27. The Court in the State Court Proceeding held the Debtor in civil contempt and issued a bench warrant for his arrest.

28. Peter C. Harvey and Richard D. Trenk continue and threaten to continue to prosecute the State Court Action and the Contempt Proceeding.

29. Peter C. Harvey and Richard D. Trenk continue and threaten to continue to violate the automatic stay afforded the Debtor through their continued prosecution of the State Court Action and the Contempt Proceeding.

30. Peter C. Harvey and Richard D. Trenk are in violation of 11 U.S.C. § 362(a).

## PETER C. HARVEY AND RICHARD D. TRENK ARE VIOLATING THE AUTOMATIC STAY AFFORDED THE DEBTOR

31. As shown above, Peter C. Harvey and Richard D. Trenk have actual knowledge and notice of this case.

32. Nevertheless, they prosecuted the Contempt Proceeding and apparently continue to do so.

33. As discussed in the accompanying memorandum of law, Peter C. Harvey's and Richard D. Trenk's conduct are blatant and knowing violations of 11 U.S.C. § 362(a).

34. Peter C. Harvey's and Richard D. Trenk's conduct have injured the Debtor, his estate and his ability to reorganize.

35. Accordingly, this Court should issue orders enforcing and reasserting the automatic stay afforded the Debtor and punishing Peter C. Harvey and Richard D. Trenk for their violations of the automatic stay.

36. By reason of Peter C. Harvey and Richard D. Trenk refusing to honor the automatic stay afforded the Debtor by 11 U.S.C. § 362(a), it was

necessary for the Debtor commence this proceeding and seek relief enforcing the automatic stay.

37. By reason of Peter C. Harvey and Richard D. Trenk refusing to honor the automatic stay afforded him by 11 U.S.C. § 362(a), the Debtor has been injured.

38. By reason of Peter C. Harvey and Richard D. Trenk refusing to honor the automatic stay afforded the Debtor by 11 U.S.C. § 362(a), the Debtor has suffered damages.

39. Upon information and belief, the Debtor has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**

40. The Plaintiff repeats the statements made in paragraphs numbered 1 through 39 of this Complaint with the same force and effect as if stated fully hereat.

41. By reason of the foregoing the Plaimtiff requests that this Court issue an injunction enjoining the Defendants from prosecuting the State Court Action and the Contempt Proceeding, pursuant to 11 U.S.C. §§ 105 and 362(a).

## SECOND CLAIM FOR RELIEF

42. The Plaintiff repeats the statements made in paragraphs numbered 1 through 41 of this Complaint with the same force and effect as if stated fully hereat.

43. By reason of the foregoing the Plaimtiff requests that this Court enter a money judgment in the Plaintiff's favor and against the Defendants, for his actual damages and punitive damages, pursuant to 11 U.S.C. § 362(k), in a sum to be determined at trial.

**WHEREFORE,** the Debtor requests judgment in his favor and against Peter C. Harvey and Richard D. Trenk by this Court entering orders and judgments: a.) pursuant to 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 9020, holding Peter C. Harvey and Richard D. Trenk, in contempt of court for knowingly, wilfully and intentionally, violating the automatic stay afforded the Debtor by 11 U.S.C. § 362(a); (b.) enforcing the automatic stay afforded the Debtor by 11 U.S.C. § 362(a); ©.) awarding the Debtor his actual damages and punitive damages from Peter C. Harvey and Richard D. Trenk pursuant to 11 U.S.C. § 362(k); (d.) granting the Debtor such other and further relief as this Court deems proper; (e) granting the Debtor his costs

disbursements and attorneys' fees incurred in this action.

Dated: Indian Wells, California
      December 1, 2005

                              WAYNE GREENWALD, P.C.
                              Attorneys for the Plaintiff- Debtor,
                              Joseph Greenblatt
                              99 Park Avenue - Suite 800
                              New York, NY 10016
                              212-983-1922

                              <u>/s/ Wayne M. Greenwald, Pres.</u>
                              Wayne M. Greenwald (WMG 6758)